UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAN L. STAUFFER,

        Plaintiff,

v.

JOANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.
_____/

Case No. 1:04-CV-617

Hon. Richard Alan Enslen

**OPINION**

      This matter is before the Court on Plaintiff Dan L. Stauffer's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of July 25, 2005 ("Report"), which recommended affirming the Commissioner's denial of Social Security disability benefits. The Commissioner has responded to Plaintiff's Objections. The Court reviews the Report and Recommendation pursuant to 42 U.S.C. § 405(g), to determine whether the decision of the Commissioner is supported by substantial evidence and is otherwise in accordance with the law. *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 851 (6th Cir. 1986).

      The Commissioner's Administrative Law Judge ("ALJ") found that Plaintiff suffered from multiple impairments of disputed severity, namely: non-insulin dependent diabetes; displaced fracture of the fourth metacarpal; lumbar spondylosis with radiculopathy and status post epidural blocks; early and mild axonal polyneuropathy; alcohol abuse; hyperlipidemia; hypertension; obesity; and left shoulder adhesive capsulitis in his non-dominant extremity. The ALJ ultimately concluded that Plaintiff's impairments, whether considered alone or in combination, failed to satisfy the requirements of any of the listed impairments in Title 20 of the Code of Federal Regulations, Chapter

III, Part 404, Subpart P, Appendix 1. Consequently, the ALJ found Plaintiff was not disabled within the meaning of the Social Security Act because he could perform a significant number of jobs despite his limitations. Plaintiff's Objections articulate four points of error.

## I.    CREDIBILITY

First, Plaintiff objects to the ALJ's credibility determinations. Specifically, Plaintiff contends that the ALJ did not sufficiently detail his reasoning for credibility determinations and that the Report impermissibly relied on evidence outside the ALJ's discussion.[1] Plaintiff asserts that the ALJ did not express "specific reasons for finding of credibility supported by the evidence of case record to make it clear to any subsequent reviewers the weight the adjudicator gave to the individual statements and the reasons for that weight." (Pl.'s Objs. at 1) (citing Soc. Sec. Ruling 96-7p, 61 Fed. Reg. 34,488 (July 2, 1996)).

The Report correctly observed that the ALJ specifically considered Plaintiff's statements and noted the weight attributed when he incorporated these statements into his residual function capacity ("RFC") determination that Plaintiff can still perform light work. The ALJ's RFC findings expressly incorporated Plaintiff's testimony particular to his difficulty bending, standing continuously, and that his back pain is limited if not exerting himself.

Furthermore, the ALJ found Plaintiff's testimony inconsistent with the administrative record since Plaintiff testified he last played golf in April 2001, but also reported to his treating physician

---

[1] Plaintiff's evidentiary record objection may be disposed of with citation to *Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989) ("it is clear that both this court and the district court may look to any evidence in the record regardless of whether it has been cited by the Appeals Council."). In this regard, the Court sees no reason to differentiate between cited evidence in the ALJ's record and the Appeals Council. *Cf. Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

he played golf roughly a year later in 2002. Additionally, the ALJ found that six months before Plaintiff's administrative hearing, where he claimed he could lift no more than two pounds, Plaintiff reported carrying logs. The administrative record also reflects that Plaintiff performed a lot of community service, cooks, and completes household chores. Thus, the ALJ determined that Plaintiff's subjective claims of debilitating pain were inconsistent with record medical evidence. In sum, the ALJ reasonably concluded that while Plaintiff's condition remained unchanged, the record certified he was previously able to lift objects and complete some physical activity when he claimed he could do neither. Therefore, the Court finds that the ALJ adequately made clear that he did not find Plaintiff's subjective complaints credible and his reasons for so finding.

**II.    OBESITY IN COMBINATION WITH OTHER IMPAIRMENTS**

Plaintiff's next objection is that the ALJ failed to consider the combined effects of his obesity and lumbar spondylosis. Social Security Ruling 02-1p, 67 Fed. Reg. 57,859 (Sept. 12, 2002), indicates that "[o]besity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment" and that a case-by-case evaluation is needed. The Report found the ALJ recognized the possibility that Plaintiff's obesity may exacerbate his back and other conditions, but found no evidence that Plaintiff's weight has in fact done so—alone or in concert with other impairments—and Plaintiff cites no listed impairment that he feels he suffers from. *See* 20 C.F.R., Part 404, Subpart P, App. 1.

It is Plaintiff's burden to demonstrate a listed impairment, 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1512(a), and simple disagreement with the ALJ's findings does not suffice. Plaintiff has to show how a combination of his impairments demonstrates disability, which he has not done.

Thus, the Court finds that the ALJ has sufficiently considered Plaintiff's obesity in combination with his other impairments.

### III.  TREATING PHYSICIAN'S OPINION

Plaintiff also objects that when the ALJ did not give controlling weight to Plaintiff's treating physician, he did not sequentially analyze the factors list in 20 C.F.R. §§ 404.1527(d)(i), (d)(2)(ii), and (d)(3) through (d)(6). For this contention Plaintiff relies chiefly on *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004). In *Wilson*, the court held that ALJs are required to supply a "good reason" when not giving controlling weight to a treating physician's opinion and use the factors in section 1527(d) as their rationale. *Id.* at 546. As Plaintiff correctly points out, the ALJ did not employ all of the section 1527(d) factors when he made his findings; nevertheless, the ALJ's error was harmless.

Although the exact contours of harmless error in this context are unclear, *Wilson* did identify some examples of section 1527(d) errors that may not warrant reversal, such as: if a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion; or where the Commissioner has met the goal of section 1527(d)(2)—the provision of the procedural safeguard of reasons—even though he has not complied with the terms of the regulation. *Id.* at 547. The purpose of the procedural safeguard of reason giving is:

> [T]o let claimants understand the disposition of their cases, particularly in situations where a claimant knows that his physician has deemed him disabled and therefore "might be especially bewildered when told by administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied."

*Id.* at 545. (citations omitted).

The ALJ's decision, though technically not within the framework of section 1527(d), gave Plaintiff sufficient reasoning under *Wilson* to support his decision not to accord controlling weight to Plaintiff's treating physician Dr. Russo. The ALJ determined that Dr. Russo's opinion was inconsistent with his own prior findings that Plaintiff was able to return to full-time employment as a forklift operator. Dr. Russo's opinion also is inconsistent with Plaintiff's return to work where he was required to sit all day. Further, Dr. Russo's opinion cannot be reconciled with Plaintiff's behavior, that is, Plaintiff's golfing, moving logs, performing household chores and community services. Therefore, although not as artful of an exposition of the section 1257(d) standard as hoped for in *Wilson*, it is clear that the ALJ's decision contained enough discussion and analysis of the treating physician's opinion to minimally satisfy the requirements of *Wilson*. *See Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724, 731 (N.D. Ohio 2005) (not remanding ALJ's findings even though not in technical compliance with section 1257(d) when essence of regulation is complied with).

## IV.  VOCATIONAL EXPERT

Lastly, Plaintiff cites Social Security Ruling 00-4p, 65 Fed. Reg. 75,759 (Dec. 4. 2000), as a basis for error. Social Security Ruling 00-4p provides that "[w]hen there is an apparent unresolved conflict between [the vocational expert's] evidence and the [DICTIONARY OF OCCUPATIONAL TITLES (4th ed. 2004) ("DOT")], the adjudicator must elicit a reasonable explanation for the conflict before relying on the [vocational expert's] evidence to support a determination or decision about whether the claimant is disabled." There are no such inconsistencies here and Plaintiff has not suggested where a conflict between the vocational expert's testimony, Plaintiff's RFC, and the information in the DOT lies.

Plaintiff's contention is that Social Security Ruling 00-4p always requires an affirmative inquiry on behalf of the ALJ. Plaintiff reads Ruling 00-4p too broadly, as it only requires an affirmative inquiry when the vocational expert testifies about the requirements of a job or occupation. *See Rutherford v. Barnhart*, 399 F.3d 546, 557 (3rd Cir. 2005); *Jackson v. Barnhart*, 120 Fed. Appx. 904, 906 (3rd Cir. 2005). The vocational expert in this case merely listed jobs that Plaintiff can perform and cited their prevalence in the area. Furthermore, the vocational expert specifically referenced the DOT, strongly militating against the possibility of an inconsistency.

### IV.  CONCLUSION

Therefore, the Court will deny Plaintiff's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation and affirm the Commissioner's decision to deny disability benefits. A Judgment consistent with this Opinion shall issue.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>October 5, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |